# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LUIS AROCHO SR., on behalf of LUIS AROCHO JR., and EAVEN AROCHO,** | : CIVIL ACTION NO. 1:05-CV-1107 <br> : <br> : (Judge Conner) |
| **Petitioner** | : |
| v. | : |
| **CAMP HILL CORRECTIONAL FACILITIES, et al.,** | : |
| **Respondents** | : |

## MEMORANDUM

Sixteen days ago Luis Arocho Sr. commenced this action, styled as a petition for writ of habeas corpus, to compel state authorities to release Luis Arocho Jr. from custody temporarily so that he could visit his terminally ill child. That relief has apparently been granted.[1] Nonetheless, this case remains pending, and the question that must now be answered is whether Luis Arocho Sr. may assert a right to habeas relief on behalf of Luis Arocho Jr. The court concludes that he may not.

An individual may assert the rights of another party only in limited circumstances: when the individual shares a "significant relationship" with the real party in interest and that party is "unable to litigate his [or her] own cause due to mental incapacity, lack of access to court, or other similar disability." See Whitmore v. Arkansas, 495 U.S. 149, 163-65 (1990). There is no question that Luis Arocho Sr. shares a "significant" familial relationship with his son, and wishes to

---

[1] (Doc. 5).


act in his best interests. However, it has not been demonstrated that Luis Arocho Jr. is unable to prosecute this action. An affidavit prepared and executed by Luis Arocho Jr. demonstrates an ability to comprehend the nature of his custody and to respond coherently to requests for information from this court.[2] Notwithstanding his incarceration, Luis Arocho Jr. has access to prison legal resources and may petition the court himself for habeas relief. Nothing in the record establishes that Luis Arocho Jr. lacks capacity to pursue his own claims for relief; for this reason, his father lacks standing to proceed in this case.[3]

It is Luis Arocho Jr. who is in custody and whose rights will be affected by a petition for writ of habeas corpus. These rights, once lost, cannot be regained.[4] Luis Arocho Jr. is entitled to decide for himself whether to proceed on these claims or pursue other avenues to vindicate his constitutional rights. The petition filed by

---

[2] (Doc. 4).

[3] See Whitmore, 495 U.S. at 163-65; In re Heidnik, 112 F.3d 105, 1011-12 (3d Cir. 1997); see also Figueroa v. Rivera, 147 F.3d 77, 82 (1st Cir. 1998); Franklin v. Francis, 144 F.3d 429, 432 (6th Cir. 1998); Calderon v. U.S. District Court, 127 F.3d 782, 786 (9th Cir. 1997); In re Zettlemoyer, 53 F.3d 24, 27 (3d Cir. 1995); Lonchar v. Zant, 978 F.2d 637, 640-41 (11th Cir. 1992); Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989); Weber v. Garza, 570 F.2d 511, 513-14 (5th Cir. 1978). See generally 13 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3531.9 (3d ed. 1998); 1 JAMES S. LIEBMAN & RANDY HERTZ, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 8.3 (2d ed. 1994).

[4] See, e.g., 28 U.S.C. § 2244 (limiting a petitioner from presenting a "second or successive" petition for writ of habeas corpus); Mason v. Myers, 208 F.3d 414, 417-18 (3d Cir. 2000) (noting that claims to relief may be irretrievably lost if not included in initial petition for writ of habeas corpus).

Luis Arocho Sr. will be dismissed without prejudice to the right of Luis Arocho Jr. to refile a petition for writ of habeas corpus on his own behalf.

An appropriate order will issue.

                                                        S/ Christopher C. Conner  
                                                       CHRISTOPHER C. CONNER  
                                                       United States District Judge

Dated:       June 16, 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LUIS AROCHO SR., on behalf of LUIS AROCHO JR., and EAVEN AROCHO,** : : : : **Petitioner** : : v. : : **CAMP HILL CORRECTIONAL FACILITIES, et al.,** : : **Respondents** : | **CIVIL ACTION NO. 1:05-CV-1107** **(Judge Conner)** |

## ORDER

AND NOW, this 16th day of June, 2005, upon consideration of the petition for writ of habeas corpus, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED without prejudice for lack of jurisdiction. See R. GOVERNING § 2254 CASES R. 4.

2. The motion to amend the petition for writ of habeas corpus (Doc. 5) is DENIED as moot.

3. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

4. The Clerk of Court is directed:

    a. to forward a copy of this order to Luis Arocho Sr. and to Luis Arocho Jr., see R. GOVERNING § 2254 CASES R. 4,

    b. to cause a copy of the petition for writ of habeas corpus (Doc. 1) and this order to be served upon respondents by certified mail, see R. GOVERNING § 2254 CASES R. 4, and

      c.      to forward a copy of the standard form for a petition for writ of habeas corpus for relief from a conviction or sentence by a person in state custody to Luis Arocho Jr., <u>see</u> R. GOVERNING § 2254 CASES R. 2(d); L.R. 83.32.1.

5.      The Clerk of Court is directed to CLOSE this case.

                         <u>S/ Christopher C. Conner</u>
                         CHRISTOPHER C. CONNER
                         United States District Judge